UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-20531

YASMANY MARTINEZ,

     Plaintiff,

vs.

CFH GROUP, LLC,

     Defendant.

_____/

## COMPLAINT FOR FLSA OVERTIME WAGES

Plaintiff, Yasmany Martinez, sues Defendant, CFH Group, LLC, for unpaid/underpaid overtime wages as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Yasmany Martinez**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*.

2. Mr. Martinez was an hourly non-exempt employee of Defendant who earned, but did not receive, overtime wages calculated at time and one-half times his regular rate of pay for all time he spent working over 40 hours per week from Defendant.

3. Mr. Martinez consents to participate in this lawsuit.

4. **Defendant, CFH Group, LLC**, is a Florida for-profit limited liability corporation that conducted its for-profit business in Miami-Dade County, Florida, and it is *sui juris*.

5. Defendant maintained it principal place of business in this District, managed buildings in this District, and was responsible for the payment of wages to Plaintiff in Miami-Dade County, Florida.

1

6. Defendant was Plaintiff's employer for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203 (d).

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, maintains real property within this District, maintains places of business in this District, employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

### *Background Facts*

8. Defendant has at all times material engaged in interstate commerce in the course of its marketing, management, renovation, and upkeep of real property which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

9. Defendant had two or more employees engaged in commerce at all times material to this action.

10. Furthermore, Defendant engages in interstate commerce in the course of its submission of payments for goods and receipt of payment from out-of-state payors.

11. In particular, Defendant owns and operates a property management company that manages the operations, budgeting, personnel, and staffing of and apartments and property throughout Florida using machines, computers, telephones, phone systems, computers, computer networking equipment, computer software, vehicles, paper, printer and copier toner, and other materials and supplies to engage in interstate commerce.

12. Defendant advertises/markets its services on the Internet at http://www.cfhgroup.com/, which domain they registered through GoDaddy.com, LLC, a foreign corporation.

2

13.     Defendant uses machines, computers, telephones, phone systems, computers, computer networking equipment, computer software, gate operators, cleaning solutions, vacuums, brooms, cleaning supplies, fencing, and other materials and supplies to engage in interstate commerce.

14.     Defendant further negotiates and manages payments to and from insurers located outside of the State of Florida.

15.     Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

16.     Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while he worked for Defendant that the Fai Labor Standards Act applies to Plaintiff's work for Defendant in the course of his performing maintenance services while using building supplies, paint, brushes, cleaning supplies, and other goods, materials, and supplies that moved through interstate commerce, and other goods, materials, and supplies that moved through interstate commerce.

17.     Plaintiff also would regularly and routinely make purchases at Home Depot using Defendant's corporate account of materials and supplies that traveled in interstate commerce prior to his purchase for use in maintaining Defendant's property.

18.     Plaintiff worked for Defendant from approximately 2012 to July 2015 as a maintenance employee.

19.     To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

20.     Defendant paid Plaintiff at the rate of $16.00 per hour.

3

*Liability*

21.     Defendant required that Plaintiff be "on call" and perform other work on the premises at while "off the clock".

22.     Plaintiff worked approximately 15 hours of overtime (55 hours per week) for Defendant.

23.     Plaintiff completed work orders and/or work invoices detailing the times that he would work and would regularly and routinely provided these to Defendant.

24.     Defendant, however, failed to pay Plaintiff for all of the overtime hours that he worked by failing to include such overtime hours on his paychecks.

25.     Plaintiff did not engage in any of the following activities:

     i.   Hiring of employees;

     ii.   Recommending that other employees be hired;

     iii.   Firing of employees;

     iv.   Recommending that other employees be fired;

     v.   Setting rates of pay for other employees;

     vi.   Recommending that the pay of other employees be modified;

     vii.   Setting schedules;

     viii.   Disciplining employees; and/or

     ix.   Recommending that other employees be disciplined.

26.     Plaintiff's primary duty was the performance of manual and/or non-administrative work; to wit, maintenance services.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

27. Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half times his regular rate of pay for all hours worked over 40 hours in a given workweek.

28. Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half his regular rate of pay for each of the overtime hours he worked during the past three years.

29. Defendant either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant was not required to pay overtime, and/or Defendant concocted a scheme pursuant to which it deprived Plaintiff of the overtime pay earned.

30. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

31. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

32. All conditions precedent have been satisfied by Plaintiff or waived by Defendant.

WHEREFORE Plaintiff, Yasmany Martinez, demands the entry of a judgment in his favor and against Defendant, CFH Group, LLC, after trial by jury and as follows:

a. That Plaintiff recovers compensatory damages for all time worked and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recovers pre-judgment interest if the Court does not award liquidated damages,

c. That Plaintiff recovers an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

5

d.    That Plaintiff recovers all interest allowed by law;

e.    That Defendant be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

f.    Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this <u>10th</u> day of February, 2017.

Respectfully Submitted,

FAIRLAW FIRM
*Counsel for Plaintiff*
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
Fax:    305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884  FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com